# DWAYNE LEE GUNTER, Appellant, v. THE STATE OF NEVADA, Respondent.

## No. 10351

May 9, 1979                                                594 P.2d 708

*Jaquette & Kilpatrick,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted of perjury. Appellant's direct appeal from such conviction was dismissed, because notice of appeal was not timely filed. By petition for post-conviction relief, NRS 177.315, *et seq.,* appellant contends his constitutional rights have been violated, NRS 177.315(1), because his request for counsel to prosecute his appeal was not honored, and that therefore, also, there was good cause for his failure to present three significant issues by direct appeal. *See* NRS 177.375(2)(b).

The district court erroneously held it lacked jurisdiction to consider appellant's petition for post-conviction relief. One issue appellant sought to raise was incompetency of his trial counsel. Even had appellant failed, through his own omission, to raise this issue on direct appeal, the district court would have had jurisdiction to consider it, in the exercise of its discretion. Warden v. Lischko, 90 Nev. 221, 222–223, 523 P.2d 6, 7 (1974). Here, however, it conclusively appears that, although appellant made known his desire to do so, he was not afforded an opportunity to present his various complaints to this court, through counsel, on direct appeal. Although counsel ultimately was appointed, and filed a belated notice of appeal, this court dismissed such appeal for want of jurisdiction.

In these circumstances, we consider that appellant has alleged the denial of a constitutional right, pursuant to NRS 177.315 and 177.320. *Cf.* Warden v. Lischko, *supra.* Post-conviction relief in this case is not premature since a direct appeal is not pending nor any longer available. *See* Wehrheim v. State, 84 Nev. 477, 443 P.2d 607 (1968); NRS 177.315(2). Moreover, because he was denied right to counsel until after expiration of time to appeal, appellant has established a categorical excuse, under NRS 177.375(2), which also elevates to constitutional dimension the effect of any error which might have occurred and would have been grounds for relief on appeal.

The judgment of the district court, denying appellant's petition for post-conviction relief, is therefore reversed, with

instructions to examine the merits of all issues to which appellant's petition alludes, and which might have been raised by direct appeal, if appellate counsel had been timely appointed.