MICHAEL DROMIACK, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 11698

March 13, 1980                    607 P.2d 1145

*Michael Dromiack,* in proper person.

*Richard H. Bryan,* Attorney General, and *John DeGraff,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Michael Dromiack pled guilty to robbery with the use of a deadly weapon (NRS 200.380; 193.165) and second degree kidnapping (NRS 200.310) in the Second Judicial District Court, and judgment of conviction was thereafter entered against him on October 13, 1976. His direct appeal from the conviction was dismissed because notice of appeal was not timely filed. On July 31, 1978, Dromiack filed a "petition for writ of habeas corpus for post-conviction relief" in the First Judicial District Court challenging the voluntariness of his guilty plea. The district court denied the petition on August 1, 1978. The court treated the matter as a petition for post-conviction relief under NRS 177.315 *et seq.,* and found that the petition was not timely filed. No appeal was taken from the order denying the petition.

Dromiack filed a second "petition for writ of habeas corpus for post-conviction relief" in the First Judicial District Court on November 8, 1978. On March 1, 1979, the court again denied the petition, concluding that Dromiack was asserting the same grounds for relief that were raised in his first petition, and had waived his claims for relief by failing to raise the issues on direct appeal from conviction. *See* Johnson v. Warden, 89 Nev. 476, 515 P.2d 63 (1973). This appeal followed.

Although it is true that successive petitions for post-conviction relief generally will not be considered, *see* Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970), we believe that, in the context of this case, Dromiack's second petition should not have been denied without a consideration of the merits.

1. First, we note that the petition is one for habeas corpus, not post-conviction relief, and therefore is not subject to the time requirement for filing set forth in NRS 177.315(3).[1] The petition contains grounds for relief which were raised in a prior petition which the court treated as a matter within the post-conviction relief statutes. That prior petition was never resolved on the merits, but was dismissed for not being filed within the time prescribed by NRS 177.315(3). Dromiack's failure to appeal from the order denying the first petition should not be deemed a waiver of the claims for relief he raised therein, but only a concession that, as a petition for post-conviction relief, the petition was untimely. Thus, the failure to appeal does not preclude Dromiack from filing a subsequent habeas petition containing the same grounds for relief which were raised in the prior petition, but which have never been considered or resolved. *See* Vargo v. Warden, 94 Nev. 466, 581 P.2d 855 (1978).

The validity of a guilty plea is a matter which may be determined upon a petition for a writ of habeas corpus. *See* Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966). Such a petition is filed in the district court of the district having custody of the petitioner. NRS 34.380(3). *See* Marshall v. Warden, 83 Nev. 442, 434 P.2d 437 (1967). Thus, the First Judicial District Court, being the district court of the district where Dromiack is being detained, may consider this petition which is attacking the validity of a conviction entered in another court. *See* Nev. Const. art. 6, § 6. " 'Unquestionably, if the trial court had exceeded its jurisdiction, a prisoner held under its judgment might be discharged from custody upon a writ of *habeas corpus* by another court having the authority to entertain the writ . . . .' " Eureka Bank Cases, 35 Nev. 80, 147, 126 P. 655, 678 (1912), *quoting* Kaizo v. Henry, 211 U.S. 146, 148 (1908). *Compare* Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977) (in habeas corpus proceeding where petitioner did not challenge any infirmities, constitutional or otherwise, in the trial or sentence, district court had no jurisdiction to vacate other

---

[1]The title of the petition is ambiguous. However, it contains a provision which states: "This form is not intended to, and does not, preclude your right to file a petition for post-conviction relief in any other appropriate Court . . . under the provisions of NRS 177.325." Moreover, the petition was not filed in the same district court where the conviction was entered, as is required of petitions for post-conviction relief. *See* NRS 177.325.

court's valid judgment of conviction and sentence, and direct that court how to proceed).

2. Courts will not consider petitions for writs of habeas corpus which contain grounds for relief which could have been, but were not, raised on direct appeal from conviction unless reasons for such failure are shown. Junior v. Warden, 91 Nev. 111, 532 P.2d 1037 (1975). Here, Dromiack stated in his petition that he filed a direct appeal, but it was dismissed as untimely. Dromiack mailed his notice of appeal to this court from the state prison within the required time. However, because of an apparent error by supervisory personnel at the prison, insufficient postage was attached to the notice of appeal. The notice was returned, correct postage was attached, and the notice then filed late. Under these circumstances, sufficient grounds exist which excuse Dromiack's failure to raise the issues on direct appeal. *Cf.* Gunter v. State, 95 Nev. 319, 594 P.2d 708 (1979).

Accordingly, the district court's order of March 1, 1979 which denied Dromiack's petition is reversed and this case is remanded for further proceedings, including the appointment of counsel to represent Dromiack.