**Duke Fredrick CRANFORD, Petitioner,**

v.

**George SUMNER, et al., Respondents.**

**No. CV–R–85–613–ECR.**

United States District Court,
D. Nevada.

Oct. 9, 1987.

454

Duke Frederick Cranford, in pro. per.

Brian McKay, Atty. Gen. of Nevada by Brooke A. Nielsen, Deputy Atty. Gen., Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Petitioner has filed this eleven count petition with the Court, alleging that his state court conviction was constitutionally flawed, and that a writ of habeas corpus should therefore issue under 28 U.S.C. § 2254. The State of Nevada has answered the petition, and opposes each of the specific counts. In view of the state's answer to the petition, and upon review of the state court record provided to the Court, it appears that the petitioner's claims are groundless, and that the petition must be denied.

FACTS

The petitioner is an inmate presently in the custody of the Nevada Department of Prisons. The petitioner is currently incarcerated in the Iowa State Prison in Fort Madison, Iowa, under the auspices of the Interstate Prisoner Transfer Agreement. The petitioner's incarceration is the result of his conviction of first degree murder by a Clark County jury in March, 1978. For the commission of this crime the petitioner received life imprisonment without the possibility of parole.

In the current petition, the petitioner has alleged the following eleven claims for relief:

1. That the use of a videotaped confession of a codefendant which implicated the petitioner violated his sixth amendment right to confrontation;

2. That the use of the videotape constituted inadmissible hearsay when there was no showing of the declarant's unavailability;

3. That the undercover police officer's reiteration of the videotaped testimony also constituted inadmissible hearsay;

4. That the products of the petitioner's warrantless arrest were improperly admitted into evidence;

5. That 129 days passed from the date of arrest until a judicial determination of probable cause to hold the petitioner;

6. That the prosecutor's comments regarding an uncharged conspiracy during closing argument were prejudicial, in the absence of a corrective instruction;

7. That the verdict at trial was unsupported by the evidence;

8. That the destruction or loss of the videotape after direct appeal has prejudiced the petitioner;

9. That he was not provided a transcript;

10. That one of the jury instructions removed the burden of proof from the prosecution, and improperly commented on the petitioner's failure to testify;

11. That petitioner was denied effective assistance of counsel at trial.

It appears from a review of the record in this case that the petitioner has exhausted all available state remedies, in that all of the present claims for relief have been presented to the state supreme court, either on direct appeal or on appeal from the denial of post-conviction relief. The state has conceded that the petitioner has exhausted his state remedies, but it also contends that the petitioner's second, seventh, ninth and tenth claims for relief are barred by virtue of his procedural default in state court.

PROCEDURAL DEFAULT

The basis for the state's procedural default claim is that the petitioner failed to bring these four claims in his direct appeal from conviction to the state supreme court. Even though it was possible for the petitioner to bring these claims at that time, he failed to do so, preferring to raise the four in a later post-conviction relief proceeding. State law, however, prevents a matter which could have been heard in direct appeal from being heard in the post-conviction setting. *See Dromiack v. Warden,* 96 Nev. 269, 272, 607 P.2d 1145 (1980); *Junior v. Warden,* 91 Nev. 111, 532 P.2d 1037 (1975). The state thus claims that the petitioner is barred from presenting these claims to this Court now, under the authority of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny.

■ The *Wainwright* line of cases has been applied to bar a federal habeas petition where the petitioner has failed to comply with state appellate rules. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986). Thus, when a petitioner has failed to comply with a state appellate rule which further bars his pursuing the claim in state courts, he must demonstrate cause and prejudice in the federal court before it can hear that claim. *See Murray, supra,* at 2645. In view of the petitioner's procedural default in this case, the Court ordered him to file a supplemental pleading in which his cause and prejudice were demonstrated. The petitioner complied with this order, and set forth two alleged grounds of cause and prejudice.

■ Initially, the petitioner contends that he was denied effective assistance of counsel on his direct appeal, thereby constituting cause for the procedural default. The Supreme Court has noted that ineffective assistance of counsel can be used to demonstrate cause under *Wainwright. See Murray, supra,* at 2645–46. The Court has also stated, however, that a petitioner must indicate that his counsel's performance was deficient under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order for cause to be present. *Id.* This would require the petitioner to show that counsel's

performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment. *Strickland, supra,* at 687, 104 S.Ct. at 2064. Further, the petitioner would have to show that the deficient performance prejudiced the defense. *Id.*

 In this case, the petitioner has failed to establish even the first part of the *Strickland* test. In the supplemental pleading which petitioner has filed on the issue of cause and prejudice, he merely states in a conclusory fashion that his appellate counsel's performance was deficient. Nowhere does the petitioner indicate what errors made by appellate counsel were allegedly so serious as to deprive him of his sixth amendment right. Because he has failed to make even a rudimentary statement of counsel's alleged shortcomings, petitioner cannot use ineffective assistance of counsel as a basis for establishing cause and prejudice.

 Petitioner further claims that the novelty of the claims he now seeks to present prevented their being raised in the direct appeal to the state court. The Supreme Court has recognized that novelty of claims in certain circumstances may suffice to establish cause under *Wainwright. See Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). In order to state such a claim, however, the Court has required that the petitioner show that the constitutional claim was so novel that its legal basis was not reasonably available to counsel at the time of the appeal. *Id.,* at 15, 104 S.Ct. at 2909.

 Petitioner has again only made general conclusions about the novelty of these four claims. He has not stated why these claims were so novel that they were not reasonably available to counsel. Indeed, it appears from a review of the state court records in the case that petitioner could never make such a showing. None of these four claims is novel in any sense of the word. All appear to be rather garden variety claims that any attorney could have raised at that time if he or she felt the facts supported the claim. Thus, the novelty of the claims will not support a finding

of cause under *Wainwright.* Because the petitioner has failed to make a showing of cause and prejudice on counts two, seven, nine, and ten, the Court must dismiss them, and will not consider them during the course of this order.

Additionally, it appears that count one of the petition is also defective on procedural default grounds. The Court, by its order of March 2, 1987, ordered the petitioner and the respondents to brief the possible impact of the procedural default rule upon this count.

It appears that this count is also barred by the *Wainwright* rule. As with the preceding four counts, the petitioner failed to raise the constitutional issue properly before the state supreme court, and that court did not consider it on appeal. *See Cranford v. State,* 95 Nev. 471, 473, 596 P.2d 489 (1979). The court apparently refused to consider the sixth amendment claim in view of the fact that the constitutional implications of the use of the videotape were raised for the first time in the appellate reply brief, in violation of state procedure. *See Phillips v. Mercer,* 94 Nev. 279, 579 P.2d 174, 176 (1978). The petitioner then raised the sixth amendment claim again in a subsequent state habeas corpus petition, but the petition was denied, in that the claim could have been raised in the direct appeal. The state supreme court affirmed the lower court's dismissal of this claim on the basis of procedural default.

 This claim must fall under *Wainwright,* therefore, unless cause and prejudice can be demonstrated. The petitioner attempts to demonstrate such cause and prejudice by arguing that his counsel was ineffective for failing to raise this claim properly in the appellate brief. Because the sixth amendment confrontation argument was colorable, the petitioner claims that his counsel was ineffective for failing to raise the issue. As noted above, however, such a conclusory accusation is not sufficient to establish a *Strickland* claim for cause and prejudice. The petitioner must show that his attorney's performance was so deficient that he was not function-

ing as "counsel" within the guarantee of the sixth amendment. Merely alleging that the attorney failed to recognize a claim is not sufficient. *See Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir.), *aff'd on reh'g,* 731 F.2d 1486 (11th Cir.1984), *cert. denied,* 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). The petitioner must demonstrate that his attorney failed to make significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Aside from the bald allegation that his attorney should have raised this claim but did not, the petitioner has failed to demonstrate how his attorney's performance fell below the reasonable level of professional competence required by *Strickland.* Because there is no ineffective assistance of counsel on the facts presented by the petitioner, he has failed to show any cause which would excuse the procedural default on count one. This count of the petition is therefore also barred by procedural default.

## FOURTH AMENDMENT CLAIM (COUNT FOUR)

■ Among the remaining contentions in the petition is the argument that the trial court erred in failing to exclude the warrantless arrest of the petitioner and all of the evidence which was the fruit of that arrest. That is, in essence, a fourth amendment claim. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), instructs that a petition for federal habeas corpus may not lie on fourth amendment grounds where the petitioner has had a full and fair opportunity to litigate the issue in the state courts. The petitioner in this case has not alleged that he has had no such opportunity to litigate in the state courts, nor could he. The state record demonstrates amply that the petitioner, through his counsel, strenuously objected to the arrest and its fruits at trial and on appeal. In view of this fact, and in view of the consideration which the state courts gave the petitioner's contentions, this Court is barred under *Stone* from considering this issue.

## DESTRUCTION OF VIDEOTAPE (COUNT EIGHT)

■ The petitioner further contends that the state's destruction or loss of the videotaped confession, and the fact that no transcript was ever made of that confession are a substantial violation of his rights, and that the writ must issue on those grounds. The Court, however, is unaware of any identifiable constitutional right to have evidence preserved *ad infinitum,* and the petitioner has not cited the Court any authority which would indicate otherwise. The Court notes that the evidence was still in existence during the petitioner's direct appeal to the state supreme court, and that it was only after that appeal, apparently, that the tape was destroyed. Because of the trial record in this case, the Court is fully able to judge the petitioner's claims regarding the admissibility of the videotape and its effect on the petitioner's sixth amendment rights. In that the presence of the tape is unnecessary for this Court's review, the petitioner has not been prejudiced by the loss of the tape.

## LACK OF PROBABLE CAUSE DETERMINATION (COUNT FIVE)

■ The petitioner also claims that he was held from the date of his arrest, on November 11, 1976, to the date of the beginning of his trial, on April 20, 1977, without a judicial determination of probable cause to believe that petitioner had committed a crime. Under *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1974), the petitioner contends that this restraint was unlawful and that the writ should issue on those grounds.

A review of the state court record discloses, however, that the petitioner was arraigned in the state court on December 7, 1976. In addition, the petitioner filed a petition for a state writ of habeas corpus, challenging the grand jury's indictment, in January of 1977. Oral argument was heard by the state court on this matter on January 28, 1977, at which time the state judge reaffirmed the grand jury's finding that probable cause existed to believe that the petitioner had committed a crime.

Therefore, petitioner's claims that he had been held for 129 days without judicial determination of probable cause is simply inaccurate.

■ Moreover, *Gerstein* itself indicates that an illegal arrest or detention does not void the subsequent conviction. *Id.*, at 119, 95 S.Ct. at 865 (*citing Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *and Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886)). Thus, a suspect who is presently detained may challenge the probable cause for that confinement by way of a *Gerstein* hearing, but a conviction will not be vacated on the grounds that a petitioner was detained pending trial without a determination of probable cause. *Id.*

## PROSECUTORIAL MISCONDUCT CLAIM (COUNT SIX)

■ Petitioner further argues that he was unfairly prejudiced at trial by the district attorney's reference to an uncharged conspiracy in his closing arguments. The petitioner's counsel objected to the prosecutor's references, and the state trial judge sustained these objections. Counsel moved for mistrial on the basis of prejudice, but the motion was denied. Counsel did not, however, request any instructions to the jury to negate the prosecutor's comments.

In this circuit, the prosecutor's comments are evaluated in the light of the evidence as a whole, and not in the abstract. *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir.1984); *Carothers v. Rhay*, 594 F.2d 225, 230 (9th Cir.1979); *and United States v. Lopez*, 575 F.2d 681, 685 (9th Cir.1978). Examination of the trial record reveals substantial evidence of the petitioner's guilt in this case. The videotaped confession of the codefendant strongly implicates the petitioner in the murder of the victim. Additionally, circumstantial evidence, such as fingerprints found on the victim's car, and the victim's blood found on the petitioner's clothing tighten the bonds connecting the petitioner with this crime. In view of the strength of the evidence against the petitioner, the prosecutor's short references to an uncharged conspiracy cannot be said to have prejudiced the petitioner. Habeas relief is thus inappropriate on these grounds as well.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM (COUNT ELEVEN)

■ Petitioner also contends that he was denied the effective assistance of counsel at trial, in that trial counsel failed to offer a defense, to interview potential witnesses, to appeal the verdict, to preserve rights for appeal purposes, to investigate the crime charged, and to question and call to the stand a crucial witness against the petitioner. These contentions must meet the two standards set forth in *Strickland v. Washington, supra,* pg. 5, in order to allow the petitioner any relief.

In this case, even assuming that the contentions of the petitioner demonstrate that his trial counsel's conduct fell below an objective standard of reasonableness, the petitioner has failed to indicate how he has been prejudiced by those alleged errors. As the *Strickland* court itself state, "[e]ven if a defendant shows that particular errors of counsel are unreasonable ... the defendant must [also] show that they actually had an adverse effect on the defense." *Id.*, at 693, 104 S.Ct. at 2067. In this case, the petitioner has completely failed to demonstrate how the alleged errors of his trial counsel adversely affected his defense. Because of this failure, no ineffectiveness claim can lie.

## CONFRONTATION CLAUSE OBJECTION (COUNT THREE)

The petitioner next contends that he was unfairly prejudiced at trial because the court allowed the testimony of Officer Schaub. This officer testified as to a conversation he had had with Montena Smith, during the course of which Smith implicated himself and the petitioner in the murder. The state court allowed this evidence to come in under the state coconspirator exclusion to the hearsay rule. NRS § 51.035(3)(e). The petitioner now asserts that the use of this confession was improper, as Smith was not unavailable as a witness. Because of the failure of the state to show Smith's unavailability, the petitioner con-

tends that his rights under the Confrontation Clause have been violated.

 As an initial matter, it is clear that no showing of unavailability is required for the admission of a coconspirator statement. In *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), the Court indicated that the admission of a coconspirator statement without a showing of that coconspirator's unavailability did not violate the Confrontation Clause. *Id.*, at 1129. Therefore, that Smith was not shown to be unavailable as witness in this case cannot be the basis for federal habeas corpus relief. *Id.*

 In addition, it appears that the state was not required to demonstrate other indicia of reliability for the admission of Smith's statement. Until recently, it appeared that the Confrontation Clause required that there be such indications of the statement's reliability before the hearsay statement of the coconspirator could be admitted. *See Dutton v. Evans*, 400 U.S. 74, 88–89, 91 S.Ct. 210, 219–220, 27 L.Ed.2d 213 (1970). In *Bourjaily v. United States*, — U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), however, the Court firmly indicated that no such indication was constitutionally mandated. In that case, the Court examined the federal rule regarding the admission of coconspirator statements, and found that

> [b]ecause " 'hearsay rules and the Confrontation Clause are generally designed to protect similar values,' *California v. Green*, 399 U.S. [149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970),] and 'stem from the same roots,' *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970) ... we concluded in *Roberts* that no independent inquiry into reliability is required when the evidence "falls within a firmly rooted hearsay exception."

*Id.*, at 2782–83, (*citing Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)). Because the evidence in this case had qualified already under the federal coconspirator exception to the hearsay rule, the Court determined that the independent indicia of reliability were unnecessary.

Similarly, in this case, it is unnecessary to find such indicia of reliability. As noted above, the trial court found that the evidence at issue qualified under the Nevada Rules of evidence as a coconspirator exception to hearsay. Under the *Bourjaily* rule, this finding makes any inquiry into independent indicia of reliability superfluous. This argument therefore does not establish a basis for habeas corpus relief.

Based upon the foregoing discussion, it is clear that the petitioner has failed to establish any basis for federal habeas corpus relief.

IT IS, THEREFORE, HEREBY ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is *DENIED*. The Clerk shall enter judgment accordingly.