979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis MCCABE Petitioner-Appellant,
v.
Ron ANGELONE, Director, et. al., Respondent-Appellee.
 No. 91-16453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 18, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Nevada state prisoner Dennis McCabe appeals pro se from the district court's denial of his habeas corpus petition challenging his jury conviction for first degree murder. We affirm.
 
 DISCUSSION
 1. Appointment of Counsel
 
 3
 McCabe argues that the district court abused its discretion in denying his request for appointment of counsel. The district court has wide discretion in deciding whether to appoint counsel for habeas corpus petitioners. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987); Rule 8(c), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254 (appointment of counsel mandatory only if evidentiary hearing required). When a habeas corpus petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. LaMere, 827 F.2d at 626.
 
 
 4
 McCabe has demonstrated a good understanding of the issues. He has displayed throughout a familiarity with the tests required to establish ineffective assistance of counsel and to overcome a procedural bar to his claim of prosecutorial misconduct. McCabe also has presented his contentions forcefully and coherently. The district court did not abuse its discretion in denying McCabe's request for appointment of counsel.
 
 2. Bar on Additional Claims
 
 5
 McCabe argues that the district court erred in barring him from bringing additional exhausted claims. McCabe's argument is misplaced.
 
 
 6
 On August 23, 1990, the district court entered an order requiring McCabe to inform the court, within 20 days, of any and all additional grounds for habeas corpus relief of which he was aware. On August 30, 1990, McCabe notified the court that he had recently been transferred to North Dakota and informed the court of his new address. When the order was returned to the court unserved, it was forwarded to his new address. McCabe did not raise any additional claims until this appeal. The district court properly concluded that McCabe had no other exhausted habeas claims to present.
 
 
 7
 For the first time on this appeal, McCabe asks us to hold that the trial court erred in refusing to grant immunity to Bachstein and Teeples, or, in the alternative, to grant a continuance. We decline to reach that claim.
 
 
 8
 We generally will not consider issues raised for the first time on appeal. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). There are no "exceptional circumstances" why the issue was not raised in the trial court. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Nor does McCabe's argument present a purely legal issue. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) ("Where the issue not raised below involves a purely legal question, however, we have the discretion to consider the issue."). Instead, it would require a preliminary factual finding that the prosecutor deliberately caused the witnesses to invoke their fifth amendment privilege. United States v. Patterson, 819 F.2d 1495, 1506 (9th Cir.1987); United States v. Lord, 711 F.2d 887, 891 (9th Cir.1983).
 
 
 9
 McCabe must raise his additional exhausted claims in a subsequent petition for habeas corpus, even though the petition may be found to constitute an abuse of the writ. Rule 9(b), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.
 
 3. Prosecutorial Misconduct
 
 10
 McCabe argues that the district court erred in ruling that his claim of prosecutorial misconduct was barred by procedural default. McCabe's argument fails.
 
 
 11
 In general, a federal district court may not hear a claim on the merits if it was procedurally barred in the state courts. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). The failure of a federal habeas petitioner to present his or her claims to the state's highest court for a determination on the merits, as required by state procedure, precludes federal review of the claims unless there is a showing of cause for the procedural default and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 12
 On appeal from a denial of McCabe's state habeas corpus petition, the Nevada Supreme Court declined to consider McCabe's claim of prosecutorial misconduct. The court, citing Dromiack v. Warden, 96 Nev. 269, 272, 607 P.2d 1145, 1147 (1980), held that McCabe had provided no explanation for not raising the issue in his direct appeal. In Dromiack, the Nevada Supreme Court held that failure to raise an issue on direct appeal procedurally bars a petitioner from raising the claim in a habeas corpus proceeding. Id. The district court therefore properly determined that McCabe had procedurally defaulted on his claim of prosecutorial misconduct.
 
 
 13
 The district court ordered McCabe to file points and authorities showing cause and prejudice to overcome the procedural default bar. McCabe complied with that order, but he has failed to demonstrate the requisite "cause" for his procedural default under Murray v. Carrier, 477 U.S. 478 (1986).
 
 
 14
 In Murray v. Carrier, the Supreme Court held that the "existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 488. As cause for his procedural default, McCabe alleges only that he was transferred to a Louisiana prison between April and November of 1981, impeding his participation in his appeal. McCabe admits requesting the transfer to Louisiana pursuant to the Interstate Agreement on Detainers, Nevada Revised Statute 178.620, to face unrelated charges in that state. He was not impeded by a factor external to the defense, and has therefore not demonstrated the existence of cause for his procedural default.
 
 4. Ineffective Assistance of Counsel
 
 15
 McCabe contends that his trial counsel was ineffective because he failed to introduce the recorded statements of Bachstein and Teeples and failed to object to a non-bifurcated sentencing proceeding. This contention lacks merit.
 
 
 16
 To demonstrate ineffective assistance of counsel, McCabe must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 A. Eyewitness Statements
 
 17
 McCabe alleges that trial counsel's failure to proffer the recorded statements of Bachstein and Teeples constituted ineffective assistance of counsel. McCabe argues that counsel should have sought admission of the out-of-court statements under the general exception to the hearsay rule, Nevada Revised Statute § 51.315, or the hearsay exception for a statement offered against penal interest, Nevada Revised Statute § 51.345(1)(b).
 
 
 18
 The Nevada Supreme Court, in McCabe's state habeas appeal, held that the statements of Bachstein and Teeples would not have been admissible under either of the above hearsay exceptions. A statement is admissible under the general hearsay exception only if: "Its nature and the special circumstances under which it was made offer strong assurances of accuracy." Nevada Revised Statute § 52.315(1)(a). Similarly, the exception for statements against penal interest provides in pertinent part that: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused in a criminal case is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Nevada Revised Statute § 51.345(1)(b).
 
 
 19
 The Nevada Supreme Court found that the requisite assurances of accuracy or trustworthiness were "clearly lacking." The court pointed to the following facts to support its finding:
 
 
 20
 At the time the statements were given to the defense investigator, Ruth [Teeples] was known to have filed a false missing persons report with the police and was suspected of being involved in a plot to kill Gene [the victim], and Dwayne [Bachstein] was suspected of being an accessory after the fact who was involved in the destruction of evidence by helping to dispose of Gene's body. In addition, Ruth told the investigator that Dennis [McCabe] had threatened her following the shooting and Dwayne stated that he was afraid of Dennis. Finally, no physical evidence was uncovered in this case which corroborates the claim that appellant shot Gene because Gene was attacking Dwayne with a knife.
 
 
 21
 McCabe v. Director, Nevada State Prison, No. 20193 (Nev.1990) (Exhibit # 25, at 2). The Nevada Supreme Court concluded that the statements would not have been admissible even if they had been offered by McCabe's attorney.
 
 
 22
 A federal habeas court has no authority to review a state's application of its own laws. Jackson v. Y1st, 921 F.2d 882, 885 (9th Cir.1990). In Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991), we stated "we are not a state supreme court of errors; we do not review questions of state evidence law." On a petition for writ of habeas corpus, we may consider only whether the petitioner's conviction violated constitutional norms. See Engle v. Isaac, 456 U.S. 107, 119 (1982) (state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution, laws or treaties of the United States); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 23
 McCabe does not claim that Nevada's hearsay rules, as applied in this case, are unconstitutional. See Chambers v. Mississippi, 410 U.S. 284, 298 (1973). McCabe argues only that the statements of Bachstein and Teeples are trustworthy; that Nevada has misapplied its own rules. This claim is not cognizable on federal habeas review. See Jammal, 926 F.2d at 919.
 
 B. Non-Bifurcation of Sentencing Hearing
 
 24
 McCabe's final claim is that trial counsel's failure to seek a bifurcated sentencing hearing constituted ineffective assistance of counsel. The claim fails.
 
 
 25
 At the hearing on McCabe's petition for state writ of habeas corpus, McCabe's counsel testified this his decision not to seek a bifurcated sentencing hearing was a tactical decision. McCabe's attorney based his decision on several factors: 1) the trial judge had a reputation as a "very harsh sentencer"; 2) McCabe had pending murder charges in Louisiana which might be exposed at a bifurcated hearing; and 3) McCabe had prior arrests for assault, battery, and possession of a controlled substance, which also might be exposed at a bifurcated hearing. Trial counsel's tactical decision that McCabe's best chance was to go before a "blind" sentencing jury uninformed of McCabe's prior arrests and pending charges does not constitute ineffective assistance of counsel. See Strickland, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3