996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duke Fredrick CRANFORD, Petitioner-Appellant,
v.
Salvador GODINEZ, Respondent-Appellee.
 No. 92-16120.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duke Fredrick Cranford, a Nevada state prisoner, appeals pro se the dismissal of his second 28 U.S.C. § 2254 habeas corpus petition. Cranford contends that the district court erred by (1) denying his motion for a default judgment and (2) dismissing his claims as successive and an abuse of the writ. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 First, Cranford contends that the district court erred by denying his motion for a default judgment. This contention lacks merit.
 
 
 4
 We review for an abuse of discretion the district court's decision whether to enter a default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). The district court may enter a default judgment against a respondent who fails to plead or otherwise defend. Fed.R.Civ.P. 55(a).
 
 
 5
 Cranford filed his second habeas petition in the district court on December 26, 1990. On September 3, 1991, the district court ordered respondent to answer within 30 days. On October 7, Cranford gave notice that he had not received an answer. On October 8, respondent moved for a 45-day extension of time, which the district court granted. On October 28, Cranford moved for the district court to withdraw its order granting the extension of time and to enter a default judgment against respondent. Respondent filed a motion to dismiss the habeas petition on November 18. The district court then denied Cranford's motions.
 
 
 6
 Cranford argues that just as this court lacked jurisdiction to consider his late pro se appeal from the denial of his first federal habeas petition, after October 3 the district court lacked jurisdiction to consider respondent's motion for an extension of time. This argument lacks merit because a timely notice of appeal is a basis for this court's jurisdiction. See Burt v. Hennessey, 929 F.2d 457, 458 (9th Cir.1991). In contrast, when the district court granted the extension of time to respondent, the district court already had jurisdiction over this case. No authority supports the proposition that the district court lacked jurisdiction to consider respondent's late motion for an extension of time. Accordingly, the district court did not abuse its discretion by denying Cranford's motion for a default judgment. See Eitel, 782 F.2d at 1471.
 
 
 7
 Second, Cranford contends that none of the claims in his second petition was successive. Cranford also contends that there was cause for his failure to raise in his first petition the new claims raised for the first time in his second petition. Cranford further contends that the ends of justice required the district court to consider the merits of his second petition. These contentions lack merit.
 
 
 8
 We review for an abuse of discretion the district court's refusal to consider a claim on the ground that it is successive or abusive. Campbell v. Blodgett, No. 92-35360, slip op. 5741, 5748-49 (9th Cir. June 8, 1993).
 
 
 9
 "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits." Id. at 5748. The federal courts will not consider the merits of a successive claim unless the petitioner shows either cause for bringing the same claim twice and prejudice, id. at 5766 (citing Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992)), or that the " 'ends of justice' " require relitigation of the claim because the petitioner has made a " 'colorable showing of factual innocence,' " id. (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)).
 
 
 10
 "[A] subsequent habeas petition which raises new grounds need not be considered if the petitioner has, through deliberate abandonment or inexcusable neglect, abused the writ." Id. at 5748 (citing McCleskey v. Zant, 111 S.Ct. 1454, 1466-70 (1991)). To avoid this bar, the petitioner must show either cause for his failure to raise the claims earlier and prejudice, id. at 5765-66 (citing McCleskey, 111 S.Ct. at 1470), or that the ends of justice require consideration of the claims, id. at 5766 (citing Kuhlmann, 477 U.S. at 454).
 
 
 11
 On June 21, 1977, Cranford was convicted of first degree murder and sentenced to life imprisonment without the possibility of parole. On November 12, 1985, he filed his first federal habeas petition raising the following eleven claims: (1) denial of the right to confront and cross-examine his codefendant, whose confession was presented by videotape, (2) improper admission of the codefendant's out-of-court confession without a showing that the codefendant was unavailable, (3) improper admission of a police officer's testimony regarding the codefendant's confession, (4) Cranford's arrest was not supported by probable cause, and the products of the arrest should have been excluded from evidence, (5) Cranford's post-arrest detention was improper, (6) the prosecutor made improper closing argument referring to a conspiracy between Cranford and his codefendant, (7) there was insufficient evidence to support the murder conviction, (8) the trial court failed to preserve evidence of the codefendant's videotaped confession, (9) the trial court failed to provide a complete trial transcript, (10) the trial court's jury instructions removed the state's burden to prove Cranford's guilt beyond a reasonable doubt, and (11) ineffective assistance of counsel at trial and on appeal. The district court denied the petition on October 14, 1987, finding that claims 2, 7, 9, and 10 were procedurally defaulted and denying the other seven claims on the merits. Cranford v. Sumner, 672 F.Supp. 453 (D.Nev.1987). We dismissed Cranford's subsequent appeal to this court as untimely. Cranford v. Sumner, No. 88-1513, order dismissing appeal (9th Cir. May 4, 1988).
 
 
 12
 Cranford filed his second federal habeas petition on December 26, 1990. His second claim was that he was denied due process because of cumulative error consisting of the eleven claims raised in his first habeas petition. The district court dismissed this claim as successive.
 
 
 13
 Cranford contends that because he did not raise a claim of cumulative error in his first petition, the district court erred by finding that his second claim was successive. This contention lacks merit because Cranford's claim of cumulative error was essentially a repetition of his eleven earlier claims. See Campbell, slip op. at 5748.
 
 
 14
 In his second petition, Cranford also raised ten new claims.[1] The district court dismissed these new claims as an abuse of the writ.
 
 
 15
 Cranford contends that his involuntary transfer from Nevada to Iowa prison from 1983 to 1989 was cause for his failure to raise the new claims in his first habeas petition. He argues that the transfer prevented him from exhausting state remedies as to all of his claims, and that he nonetheless filed his first petition in 1985 because if he had not, "he would find himself now attempting to explain why had had waited nearly seven (7) years to file a federal petition--being that he had exhausted many of the issues earlier."
 
 
 16
 A showing of cause requires a showing that an impediment external to the defense, such as government interference or the reasonable unavailability of the factual basis for a claim, prevented the habeas petitioner from raising a claim in his first petition. McCleskey, 111 S.Ct. at 1472. It is true that Cranford's transfer to a prison which denied him access to the Nevada courts impeded the exhaustion of all of his claims. Nonetheless, what impeded Cranford from raising all of his claims in his first federal petition was his misunderstanding of the requirement that he not make claims in federal court until all were exhausted. This misunderstanding does not establish cause. See id.
 
 
 17
 Finally, Cranford contends that the ends of justice required the district court to consider the merits of his second petition because the state did not prove that he committed the murder. He argues that if inadmissible evidence, such as evidence of his codefendant's confession, had been excluded, then none of the evidence would have connected him to the murder. This argument does not meet the standard of a "colorable showing of factual innocence." See Campbell, slip op. at 57.
 
 
 18
 Accordingly, the district court did not err by dismissing Cranford's second habeas petition.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These claims were as follows: (1) improper admission of a murder weapon, (2) improper exclusion of blacks from the jury, (3) prosecutorial misconduct regarding the murder weapon, (4) improper presentation of Cranford's statements to the grand jury, (5) improper presentation of hearsay evidence to the grand jury, (6) insufficient evidence of intent, (7) failure to instruct the jury on lesser-included offenses, (8) improper use of evidence related to codefendant's statements, (9) improper exclusion of blacks from the grand jury, and (10) improper denial of state court appeal