## MICHAEL J. KREWSON, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 12536

December 17, 1980                           620 P.2d 859

*Norman Y. Herring,* State Public Defender, and *Thomas J. Ray,* Special Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Thomas P. Wright,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Michael J. Krewson pled guilty to murder in the first degree in the Eighth Judicial District Court, and judgment of conviction was thereafter entered against him on March 5, 1979.

Krewson did not file a direct appeal from the judgment of conviction. On February 12, 1980, Krewson filed a "petition for writ of habeas corpus for post-conviction relief" in the First Judicial District Court challenging the voluntariness of his guilty plea. The district court denied the petition without considering its merits, finding that as a petition for writ of habeas corpus the petition requested relief beyond the jurisdiction of the court. This appeal followed.

As conceded by respondent, this case is governed by our recent decision in Dromiack v. Warden, 96 Nev. 269, 607 P.2d 1145 (1980), in which we held that the validity of a guilty plea is a matter which may be determined upon a petition for a writ of habeas corpus filed in the district court of the district having custody of the petitioner. NRS 34.380(3).

The state argues, however, that the decision of the district court should nevertheless be affirmed because the issues Krewson seeks to present were not raised in a direct appeal of his conviction. We disagree. Consideration of Krewson's failure to raise the issues contained in his petition on a direct appeal from his conviction is a matter within the discretion of the district court, Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974), and will not be considered by this court in the first instance. *See* Vargo v. Warden, 94 Nev. 466, 581 P.2d 855 (1978).

Accordingly, the order of the district court is reversed and the case is remanded for proceedings consistent with this opinion.