**Willie BARGAS, Petitioner–Appellant,**

v.

**Brenda BURNS, Warden, Respondent–Appellee.**

**No. 98–15450.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1999.

Decided June 14, 1999.

mental Excerpt of the Clerk's Record is granted.

Before: SNEED, TASHIMA, and SILVERMAN, Circuit Judges.

Opinion by Judge SNEED; Dissent by Judge TASHIMA.

SNEED, Circuit Judge:

Willie Bargas ("petitioner") appeals from the decision of the United States District Court for the District of Nevada, the Honorable David Warner Hagen, Presiding, which denied his petition for a writ of habeas corpus. Petitioner asserts two claims in this petition: (1) that his trial counsel was ineffective; and (2) that his guilty plea was not knowing and voluntary. The district court held that petitioner procedurally defaulted his ineffective assistance of counsel claim and denied on the merits his claim that his guilty plea was not knowing and voluntary.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm the decision of the district court in its entirety.

I.

Petitioner pleaded guilty to sexual assault in March of 1983. At his arraignment, the trial court judge read the sexual assault statute to petitioner, the attorney for the state read the elements of the offense in open court and petitioner acknowledged that his counsel advised him of the nature of the charge against him. The attorney for the state, however, neglected to mention the mens rea element of the statute. During the plea hearing, the trial court read the amended information to petitioner, informed him of the minimum and maximum penalties under the statute and received assurances from petitioner that he indeed understood the nature of his guilty plea.

Petitioner has filed multiple-two state and two federal-challenges to his guilty plea. In December of 1983, petitioner filed his first state habeas petition, alleging ineffective assistance of counsel and claiming that his plea was not knowing and voluntary. The court denied his request

John C. Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for petitioner-appellant.

David K. Neidert, Assistant Attorney General, Carson City, Nevada, for respondent-appellee.

for relief; it did not in any detail discuss the merits of petitioner's ineffective assistance of counsel claim in its opinion. Petitioner appealed to the Nevada Supreme Court, arguing *only* that his plea was not knowing and voluntary. He failed to appeal the state court's decision to deny his habeas petition with respect to his claim of ineffective assistance of counsel. The Nevada Supreme Court rejected petitioner's plea argument.

Petitioner then filed his first federal habeas petition, alleging ineffective assistance of counsel and arguing that his plea was defective. The district court dismissed the petition, concluding that petitioner failed to exhaust his state court remedies for ineffective assistance of counsel.

Petitioner, with the assistance of counsel, filed his third habeas petition, this time in state court, again alleging ineffective assistance of counsel and claiming that his plea was not knowing and voluntary. The trial court held that petitioner procedurally defaulted on his ineffective assistance of counsel claim because he failed to raise the issue on appeal from the denial of his first petition for writ of habeas corpus. The portion of that order relevant to this appeal stated:

The court ... finds that:

.    .    .    .    .

4. Petitioner's claim of ineffective assistance of trial counsel presented herein was not raised on appeal in the above mentioned case....

5. Trial counsel in petitioner's case in the trial court was not ineffective and his advice to the petitioner to enter his plea of guilty was the result of a tactical decision made in light of petitioner's prior admission of guilt in committing the crime charged.

The court, therefore concludes that:

1. Petitioner has committed procedural default in failing to raise in his previous appeal the claim and issue of ineffective assistance of counsel.

*Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

2. Petitioner has failed to show cause and prejudice for the procedural default. *Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

Petitioner next filed a petition for a writ of habeas corpus in federal court, once again alleging ineffective assistance of counsel and challenging the constitutionality of his plea agreement. The district court refused to reach the merits of the ineffective assistance of counsel claim, finding that issue was resolved on an independent and adequate state ground (i.e., the procedural default). The court also denied petitioner's guilty plea argument on its merits.

Petitioner now appeals from the district court's dismissal of his petition for a writ of habeas corpus.

## II.

Petitioner first argues that the state court erred in concluding that he procedurally defaulted his ineffective assistance of counsel claim. To repeat, in December of 1983, petitioner filed his first state habeas petition, alleging ineffective assistance of counsel and claiming that his plea was not knowing and voluntary. The court denied his request for relief and petitioner appealed that denial to the Nevada Supreme Court, arguing *only* that his plea was not knowing and voluntary. He failed to appeal the state court's decision denying his claim of ineffective assistance of counsel. Petitioner then filed a second state habeas petition alleging, *inter alia,* ineffective assistance of counsel. The court refused to reach the merits of that claim, finding that petitioner procedurally defaulted by failing to appeal the first denial of relief.

Petitioner asserts that the Nevada state court erred in concluding that he procedurally defaulted his ineffective assistance of counsel claim. Because we conclude that (A) firmly established and regularly

followed Nevada law requires a petitioner to appeal from the denial of post-conviction relief or risk procedural default; (B) the state court in this case clearly rested its decision on independent state ground; and (C) petitioner failed to demonstrate cause and prejudice for his failure to follow Nevada procedural law, we affirm the decision of the district court dismissing petitioner's ineffective assistance of counsel claim on the grounds that petitioner procedurally defaulted this claim.

### A. *Firmly Established and Regularly Followed Nevada Law.*

We must decide whether the Nevada state court in this case followed "firmly established and regularly followed" Nevada law when it held that petitioner was procedurally barred from raising his ineffective assistance of counsel claim. The court barred petitioner from proceeding with his ineffective assistance of counsel claim because he failed to appeal the denial of that claim in his first state habeas petition. We agree and conclude that, under "firmly established and regularly followed" Nevada law, a defendant must raise a claim on appeal from a denial of a petition for a writ of habeas corpus; if he fails to do so, Nevada law procedurally bars him from raising that claim in a subsequent petition.

"When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice." *Wood v. Hall,* 130 F.3d 373, 376 (9th Cir.1997), *cert. denied sub. nom Wood v. Cook,* —— U.S. ——, 118 S.Ct. 1818, 140 L.Ed.2d 955 (1998); *see also Coleman v. Thompson,* 501 U.S. 722, 729–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells v. Maass,* 28 F.3d 1005, 1010 (9th

Cir.1994); *see also Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991) (holding that a state procedural rule is an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court).

In this case, the Nevada trial court found that petitioner

> committed procedural default in failing to raise in his previous appeal the claim and issue of ineffective assistance of counsel. *Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981). . . . Petitioner has failed to show cause and prejudice for the procedural default. *Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

Petitioner contends that the state court misapplied Nevada procedural default law. He argues that there are not any reported cases in Nevada specifically holding that a petitioner procedurally defaults a claim when he fails to appeal from the denial of post-conviction relief, and instead files a second petition for habeas corpus. Although we agree with that conclusion, Nevada law nevertheless clearly requires a petitioner to raise all claims in his first petition, unless he can demonstrate cause and prejudice:

> Many petitions for habeas corpus or other post-conviction relief are repetitious; others often are specious. This places an unnecessary burden upon the courts. It is highly desirable that a petitioner be required to assert all of his claims in one petition. His failure to assert them constitutes a waiver.

*Rogers v. Warden,* 86 Nev. 359, 468 P.2d 993, 994 (1970) (quoting the Conference of Commissioners on Uniform State Laws). Justice Zenoff, in an oft-quoted concurrence, first articulated the rationale for requiring a petitioner to raise all claims in one petition:

> We should heed the clamor that 'something should be done' about the crowded court calendars and cease the practice of allowing repeated appeals over and over again from confined litigants who have

nothing else to do but pester the judicial process for release on grounds that in most instances are imaginary. Yet, so long as petitions are filed we must consider them. Were we to stick to the policy that all legal issues must be raised at one time or be considered waived, absent special circumstances, the time wasted on those could be directed to other pending cases.

*Nall v. Warden*, 86 Nev. 489, 471 P.2d 218, 220 (1970) (concurring opinion of Zenoff, J.) *adopted in Johnson v. Warden*, 89 Nev. 476, 515 P.2d 63, 64 (1973).

Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default. *See, e.g., Johnson*, 515 P.2d at 64; *Craig v. Warden*, 87 Nev. 39, 482 P.2d 325, 325 (1971); *see also* Nev.Rev.Stat. § 177.375 (1973).[1] The case law reflects a jurisprudential concern that piecemeal litigation serves only to congest the state courts. *See Johnson*, 515 P.2d at 64; *Junior v. Warden*, 91 Nev. 111, 532 P.2d 1037, 1037 (1975) (per curiam) (applying procedural default rule and requiring defendants to exhaust direct appeals if they want to proceed with habeas relief).

■ We conclude that this rule requires a petitioner not only to raise all claims in his first petition from the denial of post-conviction relief, but also to *appeal* from the denial of post-conviction relief. Nevada case law has set forth a clear and regularly applied rule that a petitioner must pursue all avenues for relief if he wishes to preserve his claims. Thus, a petitioner not only must raise all claims in his first petition for post-conviction relief to the state trial court, *see Johnson*, 515 P.2d at 64, but also exhaust his direct

appeals, *see Junior*, 532 P.2d at 1037 (Nev. 1975). Nothing in Nevada case law suggests that this Court should treat an appeal from the denial of post-conviction relief differently.

The dissent argues that this is a "newly-minted rule ... completely at odds with both Supreme Court and circuit precedent on the requirement for a state procedural rule to serve as an 'adequate' basis for decision." Dissent at 1218–19. The dissent mischaracterizes the holding in this case and distorts the law on procedural default.

The problem with the dissent is the degree of specificity it requires in case law before a rule becomes an adequate basis for procedural default. We do not read decisions from this Court or the Supreme Court as requiring a state court to locate a case law citation that speaks to the very same factual scenario as the one before it prior to invoking the rule of procedural default. Instead, we follow the Supreme Court's dictate that where a rule is sufficiently clear as to put a petitioner on notice that he must raise all claims or risk default, that petitioner must raise all claims. *See Coleman*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640. We conclude in this case that petitioner cannot shirk his duty under Nevada law to raise all claims presented to the trial court to an appellate court simply because there is no reported case directly on point. Instead, we hold that Nevada law is sufficiently clear to put petitioner on notice that he must do so. To repeat, Nevada law seeks to avoid piecemeal habeas litigation by requiring a petitioner to litigate all claims in his first petition-from the trial court to the Supreme Court.[2]

---

1. Nev.Rev.Stat. § 177.375 (1970) was amended in 1973 and repealed in 1993. The statute sets forth the general rules for procedural default which Nevada case law has interpreted and applied in several situations where a petitioner fails to raise a claim in his first habeas petition and later raises it in subsequent petitions. *See, e.g., Johnson*, 515 P.2d at 64 (failure to raise in first petition); *Junior*, 532 P.2d at 1037 (failure to exhaust direct appeals).

2. Moreover, to the extent that the dissent suggests in footnote 2 that Nevada law regarding a petitioner's ability, on direct appeal, to challenge the validity of a guilty plea is relevant, we disagree. The dissent's apparent reliance on *Krewson v. Warden*, 96 Nev. 886, 620 P.2d 859 (1980), and *Bryant v. State*, 102 Nev. 268, 721 P.2d 364 (1986), is misplaced. The Nevada Supreme Court, in *Bryant*, 721 P.2d at 367–68, held that a petitioner can no longer challenge the validity of a guilty plea on direct

Moreover, we disagree with the dissent's characterization of this opinion. We do not, as the dissent maintains, create a "new rule requir[ing] a petitioner to cite state law that at least 'suggests' that the rule is *not* firmly established and regularly followed." Dissent at 1219 (emphasis original). Instead, we conclude that where a state's highest court has articulated a clear and consistent rule that a petitioner litigate all claims in his first petition, that the petitioner must do so. We decline the invitation of the dissent to require a state court to articulate every permutation of every rule before it can invoke procedural default-such a rigid construct of the procedural default doctrine frustrates its purpose and impairs our system of federalism.

In sum, we conclude that Nevada law on this issue is "firmly established and clearly followed." Nevada law compels this Court to hold that petitioner procedurally defaulted his ineffective assistance of counsel claim by failing to appeal from the denial of his first petition for habeas corpus. Petitioner had the opportunity to appeal the ineffective assistance of counsel issue, build a record demonstrating it, and then raise it again, if he so decided, in a second habeas petition. Instead, petitioner only

raised the issue in his first petition; he never appealed the denial to the Nevada Supreme Court. Petitioner's actions run afoul of the clear policy concerns articulated in Nevada statutes and case law-to avoid piecemeal litigation that overcrowds judicial dockets.[3]

### B. *Independent State Grounds.*

Petitioner next contends that the state court's decision to deny his ineffective assistance of counsel claim was not predicated on independent state grounds. He asserts two separate challenges to the independence of the state law ground in this case: (1) he contends that the order "interweaves" federal and state law and (2) the order does not "clearly and expressly" rely on a state ground. We disagree and address these two points in turn.

To repeat, the relevant portion of the state court decision reads as follows:

The court ... finds that:

.    .    .    .    .

4. Petitioner's claim of ineffective assistance of trial counsel presented

---

appeal because it would waste judicial resources. The *Bryant* court concluded that the state district court, on habeas, could better determine, through a fact finding process, whether a plea was valid. To require otherwise, the *Bryant* court reasoned, would waste judicial resources.

This narrow exception to the rule requiring a petitioner to exhaust direct appeals articulated in *Junior,* at least, lacks relevance in this case, and at most, supports our conclusion in this case. For the very same reason that the *Bryant* court did away with the requirement that a petitioner must bring a direct appeal from entry of a guilty plea (i.e., the conservation of judicial resources), Nevada courts *require* petitioners to raise all claims in their first habeas petition. *See Nall,* 471 P.2d at 220 (Nev.1970) (concurring opinion of Zenoff, J.) ("We should heed the clamor that 'something should be done' about the crowded court calendars and cease the practice of allowing repeated appeals over and over again from confined litigants who have nothing else to do but pester the judicial process for re-

lease on grounds that in most instances are imaginary.").

3. Petitioner also contends that the trial court erred because it relied on *Dromiack v. Warden.* Petitioner notes that the actual holding of *Dromiack* is that a petitioner defaults on all claims not raised in his *first petition;* it does not hold that a petitioner must appeal every issue in his first petition to preserve those claims. Although we agree that *Dromiack* does not hold specifically that a habeas petitioner *must* appeal every issue to preserve that issue for subsequent litigation, the case does, in broad terms, set forth Nevada law on procedural default. *See Dromiack II,* 630 P.2d at 752 ("Many petitions for habeas corpus or other post-conviction relief are repetitious.... This places an unnecessary burden upon the courts."). Thus, it was entirely appropriate for the trial court to cite to and rely on *Dromiack* to support its conclusion that petitioner defaulted on his ineffective assistance of counsel claim by failing to appeal the court's denial of his request for relief in his first habeas petition.

herein was not raised on appeal in the above mentioned case....

5. Trial counsel in petitioner's case in the trial court was not ineffective and his advice to the petitioner to enter his plea of guilty was the result of a tactical decision made in light of petitioner's prior admission of guilt in committing the crime charged.

The court, therefore concludes that:

1. Petitioner has committed procedural default in failing to raise in his previous appeal the claim and issue of ineffective assistance of counsel. *Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

2. Petitioner has failed to show cause and prejudice for the procedural default. *Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

■ First, petitioner argues that state and federal grounds are interwoven. According to the Supreme Court, a state rule of procedure is interwoven with federal law "when resolution of the state procedural law question depends on a federal constitutional ruling." *Ake v. Oklahoma,* 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985). In this case, it is clear that the state procedural default rule is not interwoven with federal law. In order to find procedural default, a court need only consider whether a claim was raised or could have been raised in a prior petition and whether the petitioner demonstrated cause and prejudice for failing to raise that claim. That determination is separate and independent from any determination requiring interpretation or appli-

cation of federal law. In other words, whether there was procedural default is purely a question of state law. We therefore reject petitioner's argument that Nevada procedural default law is interwoven with federal law.

■ Second, petitioner argues that the court in this case did not clearly and expressly hold that petitioner procedurally defaulted his ineffective assistance of counsel claim because it also reached the merits of that claim. Again, we disagree. In *Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 n. 10, 103 L.Ed.2d 308 (1989), the Supreme Court held that "a state court need not fear reaching the merits of a federal claim in an alternative holding" as long as the court also articulates "a state holding that is a sufficient basis for the state court's judgment," even when the state also relies on federal law. That is exactly what happened in this case. The state court concluded that petitioner procedurally defaulted-a state ground-and alternatively rejected petitioner's claim on the merits-a constitutional ground. The alternative federal law holding of the court in no way disturbs the independent state law ground for dismissal. Because the state trial court clearly set forth a state law ground on which petitioner's claim could be rejected, federal courts are precluded, under *Harris,* from reviewing that determination.[4]

## C. *Cause and Prejudice.*

■ Finally, petitioner argues that, notwithstanding his arguments regarding the adequacy and independence of the state grounds, he has demonstrated cause and

---

4. Petitioner incorrectly relies on this Court's decision in *Siripongs v. Calderon,* 35 F.3d 1308 (9th Cir.1994), to argue that there are no independent and adequate state grounds. In *Siripongs,* this Court found no independent and adequate state grounds because the trial court failed to specify *which* procedural default rule applied. The order in that case stated:

> Petition for writ of habeas corpus DENIED both for reason of procedural default and on the merits. Petitioner's motion for post trial discovery is denied. (*People v. Gonza-*

*lez* (1990) 51 Cal.3d 1179, 1261, 275 Cal. Rptr. 729, 800 P.2d 1159).

In contrast, in this case, the Nevada court's order was clear. The order stated:

> Petitioner has committed procedural default *in failing to raise in his previous appeal the claim and issue of ineffective assistance of counsel. Dromiack v. Warden,* 97 Nev. 348, 630 P.2d 751 (1981).

Emphasis added. Unlike the order in *Siripongs,* the order in this case clearly stated which rule of procedural default applied.

prejudice sufficient to justify relief from the procedural default. He contends that he meets the "cause" prong of the test because his appellate counsel rendered ineffective assistance. He maintains that counsel's failure to appeal the issue of ineffective assistance of counsel was the "cause" of his default. We disagree.

■ Petitioner does not have a Sixth Amendment right to counsel to pursue his state post-conviction appeal. As the Supreme Court held in *Coleman v. Thompson*, "[b]ecause Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas." 501 U.S. 722, 757, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991). Similarly, in this case, petitioner does not have the right to effective assistance of counsel at his post-conviction hearing. Consequently, petitioner's ineffective assistance of counsel claim cannot excuse the procedural default in this case. In other words, petitioner fails to meet the "cause" prong of the cause and prejudice test.

### D. *Conclusion.*

In sum, we conclude that "firmly established and clearly followed" Nevada law required petitioner to appeal the denial of his ineffective assistance of counsel claim raised in his first habeas petition-something he never did. We will not disturb the Nevada state trial court's decision, predicated on Nevada state law, that petitioner procedurally defaulted by failing to appeal and instead raising the claim in a second petition for post-conviction relief. Because petitioner fails to establish cause and prejudice for this default, we affirm the decision of the district court.

### III.

Petitioner also contends that the district court erred in concluding that his guilty plea was knowing and voluntary. He argues that the trial court failed to inform

him of (A) all of the elements of the sexual assault charge against him (i.e., the mens rea element) and (B) all of the "penalties" associated with his guilty plea. We reject both arguments.

### A. *The Elements of the Sexual Assault.*

■ Petitioner contends that his plea was not knowing and voluntary because the trial court failed to inform him of the mens rea element of the sexual assault crime for which he was charged. We disagree.

■ A plea is not voluntary "unless the defendant received 'real notice of the true nature of the charge against him....'" *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). Notice "does not require a description of every element of the offense." *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir.1991). In fact, "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson*, 426 U.S. at 647, 96 S.Ct. at 2258, 49 L.Ed.2d 108. Where "intent is such a critical element" of the offense charged, however, a court should give the accused notice that the state must prove that element. *Id.* at 647 n. 18, 96 S.Ct. at 2258 n. 18, 49 L.Ed.2d 108.

■ Petitioner contends that the trial court should have given him notice that the prosecution would be required to prove intent at trial because, under Nevada law, sexual assault is a specific intent crime and because intent is a "critical element" of that crime. Petitioner is incorrect. According to the Nevada Supreme Court "[s]exual assault is generally considered a general intent crime." *Winnerford Frank H. v. State*, 112 Nev. 520, 915 P.2d 291, 294 (1996).[5] Petitioner offers *nothing* to con-

---

5. Nev.Rev.Stat. § 200.366(1) (1999), Nevada    sexual assault law, reads as follows:

tradict that conclusion.[6]

Although a defendant should be appraised of the nature of the charges against him, the failure of the court to set forth the mens rea requirement of sexual assault in this case does not render petitioner's plea invalid. At petitioner's arraignment, the judge read the sexual assault statute to petitioner, the attorney for the state read the elements of the offense in open court and petitioner acknowledged that his counsel advised him of the nature of the charge against him. During petitioner's plea hearing, the judge read the amended information to him, informed him of the minimum and maximum penalties under the statute and received assurances from petitioner that he indeed understood the nature of his guilty plea. We hold that petitioner had adequate notice of the charges against him.

### B. *The Possible Penalties.*

■ Petitioner also contends that he was not made aware of all of the possible penalties associated with his guilty plea. He argues that the trial court failed to inform him that he would have to submit to review by a state psychiatric panel prior to his release on parole. Petitioner maintains that due process required the district court to inform him of this procedure prior to his plea; because the court failed to do so, petitioner argues that his plea was not knowing and voluntary. Again, we disagree.

■ A trial court is not required to inform a defendant of all of the consequences of his plea; instead this Court only will find a due process violation where the trial court failed to inform a defendant of the *direct* consequences of his plea, as opposed to the collateral consequences. *See United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989). We hold that the statutory requirement that petitioner appear before a psychiatric panel for evaluation prior to parole is a collateral consequence of his plea. Consequently, the trial court did not violate petitioner's due process rights by failing to inform him of this procedure.

In *Torrey v. Estelle,* 842 F.2d 234, 235 (9th Cir.1988), this Court held that the failure of a court to inform a sex offender at his plea hearing that he would be subject to mental health commitment proceedings after completing his sentence did not render his plea involuntary. Because commitment was not a certainty, and instead left to the discretion of another agency, we held that the commitment proceedings were a collateral consequence of the defendant's plea. The failure to warn the defendant of this procedure, therefore, did not violate due process. *See id.*

Similarly, in this case, petitioner's parole eligibility will be reviewed by a psychiatric panel. Although petitioner must comply with the review process, whether the panel will ultimately decide to grant or deny parole is unknown; it is left to the discretion of the psychiatric panel. *See* Nev. Rev.Stat. § 200.375 (repealed). Thus, as in *Torrey,* the proceedings are a collateral consequence of petitioner's plea and the trial court's failure to warn petitioner of

---

1. A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

Nothing in the text of the statute indicates that the crime requires specific intent or suggests that the Nevada Supreme Court misinterpreted Nevada law on this issue.

6. Petitioner is also incorrect that the state was required to prove a specific intent because in the charging information the state accused petitioner of "willfully, unlawfully, and feloniously" committing sexual assault. We have repeatedly held that language that describes elements beyond what is required under statute is surplusage and need not be proved at trial. *See, e.g., United States v. Kartman,* 417 F.2d 893, 894 (9th Cir.1969) (holding that inclusion in the indictment of an additional element of intent is "surplusage" and is not reversible error unless prejudicial to the defendant).

these proceedings did not violate his due process rights.

## IV.

For the aforementioned reasons, the decision of the district court is AFFIRMED in its entirety.

TASHIMA, Circuit Judge, dissenting in part:

I concur in all of the majority opinion, except Part II and the judgment. Because I do not agree, however, that petitioner's ineffective assistance of counsel claim is procedurally defaulted, I respectfully dissent from the majority's treatment of that claim. Specifically, I disagree with the majority's conclusion that the Nevada procedural rule relied on by the Nevada state court constitutes an adequate ground for its decision.

Under the procedural default doctrine, "[w]hen a state prisoner has defaulted on a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas," *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir.1994), "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The procedural default doctrine is thus a specific application of the independent and adequate state ground doctrine, *see Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998); *Wells*, 28 F.3d at 1008, under which the Supreme Court will not review a federal question decided by a state court if that decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729, 111 S.Ct. 2546.

The procedural rule relied on in this case is that, although petitioner raised his ineffective assistance of counsel claim in his first state petition, he defaulted on it because he did not raise the claim on appeal to the Nevada Supreme Court. The state court concluded that "[p]etitioner has committed procedural default in failing to raise in his previous appeal the claim and issue of ineffective assistance of counsel." As authority for the existence of such a rule, it cited only *Dromiack v. Warden*, 97 Nev. 348, 630 P.2d 751 (1981) ("*Dromiack II* ").

The majority does not dispute that that supposed procedural rule is neither stated nor referred to in *Dromiack II*, the sole authority relied on by the Nevada state court for its finding of procedural default. *See* Maj. op. at 1213 n. 3. The majority suggests, however, that this should not prevent us from concluding that the Nevada state court's decision rests on an adequate state law ground. In the majority's view, because *Dromiack II* sets forth the general purpose of Nevada law on procedural default, which includes avoiding piecemeal litigation and docket congestion, citation to *Dromiack II* is sufficient to invoke a particular, but unmentioned, procedural rule under which petitioner's ineffective assistance of counsel claim can be procedurally defaulted.

But, for a state procedural rule to be an "adequate" basis for decision, it must be " 'firmly established and regularly followed' at the time it was applied by the state court." *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir.1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)); *see also Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) ("[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed.") (internal quotation marks omitted); *Morales v. Calderon*, 85 F.3d 1387, 1393 (9th Cir.1996) (holding that because California procedural rule was not consistently enforced, it could not constitute an adequate and independent ground sufficient to support procedural default); *Siripongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir.1994) (holding that because California

procedural rule was discretionary and not consistently enforced, it could not constitute an adequate and independent ground sufficient to support procedural default).

The majority acknowledges "that there are not any reported cases in Nevada specifically holding that a petitioner procedurally defaults a claim when he fails to appeal from the denial of post-conviction relief...." Maj. op. at 1211. It then follows this acknowledgment with the non sequitur that "[a]lthough we agree with that conclusion, Nevada law nevertheless clearly requires a petitioner to raise all claims in his first petition...." *Id.* at 1211. But petitioner did exactly that—he did "raise all claims in his first petition." The majority then goes on to conclude that Nevada case law "reflects a jurisprudential concern that piecemeal litigation serves only to congest the state courts." *Id.* at 1212. This discussion and the Nevada cases on which the majority relies, however, are a far cry from meeting the requirement that an identified procedural rule be firmly established and regularly followed.

The majority contends that the rule that requires a petitioner to raise all claims in

his first habeas petition also "requires a petitioner ... to *appeal* from the denial of post-conviction relief." *Id.* at 1211–12. But the majority cites no Nevada case to support this extension of that rule to appeals.[1] It makes only the general argument that "Nevada case law has set forth a clear and regularly applied rule that a petitioner must pursue all avenues for relief if he wishes to preserve is claims." *Id.* It cites only two cases in support of this "rule." First, it cites *Johnson v. Warden,* 89 Nev. 476, 515 P.2d 63, 64 (1973), for the proposition that "a petitioner ... must raise all claims in his first petition for post-conviction relief to the state trial court...." Maj. op. at 1212. But, as stated above, petitioner has complied with this rule; he did raise his ineffective assistance of counsel claim in his first state petition. The majority then cites *Junior v. Warden,* 91 Nev. 111, 532 P.2d 1037 (1975) (per curiam), for the rule that a petitioner must "exhaust his direct appeals...." Maj. op. at 1212. But, again, there is no contention in this case that petitioner's claim should be defaulted for failure to exhaust his direct appeal remedy.[2]

---

**1.** Moreover, what scant Nevada law there is on the subject seems to suggest that there is no such rule. The Nevada Supreme Court has held:

> Dromiack's failure to appeal from the order denying the first petition should not be deemed a waiver of the claims for relief he raised therein, but only a concession that, as a petition for post-conviction relief, the petition was untimely. Thus, the failure to appeal does not preclude Dromiack from filing a subsequent habeas petition containing the same grounds for relief which were raised in the prior petition, but which have never been considered or resolved.

*Dromiack v. Warden,* 96 Nev. 269, 607 P.2d 1145, 1146 (1980) (*"Dromiack I"*) (citing *Vargo v. Warden,* 94 Nev. 466, 581 P.2d 855 (1978)). In the case at bench, the state court's one-page order denying petitioner's first state petition did not address petitioner's ineffective assistance of counsel claim at all, *i.e.,* it is doubtful that that one-page order can fairly be characterized as a disposition of the ineffective assistance of counsel claim on the merits—that the claim was "considered and

resolved." The majority says that the trial court "did not in any detail discuss the merits of petitioner's ineffective assistance of counsel claim in its opinion." Maj. op. at 1210. More accurately, it did not even mention the claim.

**2.** At the time petitioner entered his guilty plea, in 1983, Nevada law appeared to be unclear as to whether a plea of guilty could be attacked on direct appeal and, in any event, exhaustion on direct appeal was discretionary. *Compare Krewson v. Warden,* 96 Nev. 886, 620 P.2d 859 (1980) (holding that whether habeas petitioner must have presented claim attacking guilty plea on direct appeal is a matter within the discretion of the habeas court), *with Dromiack I,* 607 P.2d at 1146 ("The validity of a guilty plea is a matter which may be determined upon a petition for a writ of habeas corpus."). The ambiguity was resolved in *Bryant v. State,* 102 Nev. 268, 721 P.2d 364 (1986), in which the Nevada Supreme Court held that "[a]ccordingly, in the future, we will no longer permit a defendant to challenge the validity of a guilty plea on direct appeal from the judgment of conviction." *Id.* at 367–68.

The majority then justifies its conclusion with the startling proposition that "[n]othing in Nevada case law suggests that this Court should treat an appeal· from the denial of post-conviction relief differently" than the requirement in *Johnson* of stating all claims in a first petition and in *Junior* of exhausting direct appeal remedies. *Id.* at 1212. .But this turns the long-established procedural default rule on its head. In effect, the majority has come up with a new procedural default rule that, unless state case law "suggests" that a state procedural "rule," even one that is newly-made-up and has never before been applied in a reported case, *cannot* be applied to default a claim, the presumption is that such a rule may serve as an adequate and independent ground—one that is firmly established and regularly applied—to default a habeas claim. Instead of requiring the state to demonstrate that the state procedural rule is "firmly established and regularly followed," the majority's new rule requires a petitioner to cite state case law that at least "suggests" that the rule is *not* firmly established and regularly followed.[3] I submit that the majority's newly-minted rule is completely at odds with both Supreme Court and circuit precedent on the requirement for a state procedural rule to serve as an "adequate" basis for decision.[4]

In short, nothing in the record or in Nevada case law discloses that the supposed Nevada procedural rule applied in this case was firmly established and regularly followed at the time it was applied by the state trial court. Because the state procedural rule relied on by the state trial court was not an adequate basis for its decision, I would hold that petitioner's ineffective assistance of counsel claim was not procedurally defaulted. Accordingly, I would reverse the district court's denial of petitioner's ineffective assistance of counsel claim, and remand for consideration of that claim on the merits.

---

**3.** In fact, Nevada case law does "suggest" that no such procedural rule is firmly established and regularly followed. *See Dromiack I*, 607 P.2d at 1146, discussed in footnote 1, *supra*.

**4.** The majority faults this dissent for requiring too much "specificity . . . in case law before a

rule becomes an adequate basis for procedural default." Maj. Op. at 1212. We need not, however, debate the issue of "the degree of specificity" that should be required, in this case. Nevada case law *does not even mention* the "rule" applied by the majority.