**William LOGMAN, Petitioner–Appellant,**

v.

**P.L. KERNAN, Warden, Respondent–Appellee.**

No. 00–16069.

D.C. No. CV–96–02411–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001.*

Decided Feb. 21, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

William Logman appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas petition, *Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir.2000).

First, Logman's claim regarding the prosecutor's characterization of the defense expert during closing argument is procedurally defaulted because he failed to make contemporaneous objections in the trial court. *Bargas v. Burns*, 179 F.3d 1207, 1214 (9th Cir.1999) (where the state court decision rests on alternate grounds, one invoking a state procedural bar and the other addressing the merits, the state procedural ground is considered independent and precludes habeas corpus review). Second, any flaws in the prosecutor's cross-examination of a defense expert were adequately controlled by the trial judge's curative instructions. *Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). Finally, neither the prosecutor's statement during closing argument, nor the omission of Logman's proposed jury instruction so infected the entire trial that his resulting conviction violated due process. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Masoner v. Thurman*, 996 F.2d 1003, 1006 (9th Cir. 1993).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

