**UNITED STATES OF AMERICA,**
Plaintiff—Appellee,

v.

**Juan Carlos RODRIGUEZ,**
Defendant—Appellant.

No. 00–10174.

D.C. No. CR–99–5241–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.*

Decided March 15, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**574**

Before NOONAN, MCKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Juan Carlos Rodriguez challenges his conviction under 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 on three independent grounds. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. *Sufficiency of the Evidence.* Rodriguez argues that by including the language "more than one kilogram of a substance containing heroin" in the indictment, the Government made that specific drug quantity an element of the offense which had to be proven to the jury beyond a reasonable doubt. Thus, Rodriguez argues that when the parties stipulated to a drug quantity of 997.1 grams of heroin, the Government failed to failed to prove every element of the offense. We find this argument unpersuasive.

** This disposition is not appropriate for publication and may not be cited to or by the

We have previously held that drug quantity is not an element of the offense under 21 U.S.C. § 841, but is instead a sentencing factor. *United States v. Nordby,* 225 F.3d 1053, 1058 (9th Cir. 2000). Including drug quantity in the indictment here was merely surplusage. It did not, therefore, become an element of the offense. *See Bargas v. Burns,* 179 F.3d 1207, 1216 n. 6 (9th Cir.1999) ("[L]anguage that describes elements beyond what is required under statute is surplusage and need not be proved at trial."). Thus, we reject Rodriguez's argument and hold that the evidence was sufficient to support his conviction under 20 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2.

2. *Apprendi.* The jury did not determine a specific drug quantity attributable to Rodriguez. When the jury does not attribute a specific amount of heroin to a defendant, the statutory maximum sentence authorized by its verdict is 20 years. 21 U.S.C. § 841(b)(1)(C); *United States v. Arias–Villanueva,* 998 F.2d 1491, 1510 (9th Cir.1993). Rodriguez received a sentence of 121 months, well below the statutory maximum of 20 Years (240 months) authorized by the jury's verdict. Therefore, he is not entitled to relief under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Garcia–Guizar,* 227 F.3d 1125, 1129 (9th Cir.2000).

3. *Mitigating Role Reduction.* Rodriguez argues that the district court clearly erred by failing to grant him a downward adjustment for his minor role in the offense pursuant to U.S.S.G. § 3B1.2. *See United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994), *cert. denied,* 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995) (reviewing a district court's finding that a

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defendant does not qualify for a minor or minimal participant status for clear error due to its heavy dependence on the facts of a particular case). Rodriguez argues that he deserves the downward adjustment because his role was limited to assisting his co-defendant in packaging the heroin and driving his co-defendants to the location of the transaction.

■ Minimal and minor role participant adjustments were created for defendants who are "substantially less culpable" than the average participant, U.S.S.G. 3B1.2, cmt. background (2000), and are "to be used infrequently and only in exceptional circumstances." *Davis*, 36 F.3d at 1436. Rodriguez, fully aware of the plan, helped package the drugs, drove to the drug deal, and, after dropping his co-defendants off, moved his car so he could better observe the deal as it took place. We cannot say the court clearly erred when it concluded that Rodriguez "wasn't just somebody who was along for the ride or was duped. He was part of the plan."

■ 4. *Obstruction of Justice Enhancement.* Rodriguez argues that the district court erred when it enhanced his sentence for obstructing justice pursuant to U.S.S.G. §§ 3C1.1 without making an express finding that he committed perjury. Rodriguez misunderstands the nature of the requirement articulated in *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). *Dunnigan* holds that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *Id.* Rodriguez did not object to the Presentence Report's ("PSR") recommendation that an enhancement for obstruction of justice be applied, and in fact, told the district court that he was basically in agreement with the PSR's recommenda-

tion. Thus, we may only reverse the district court's decision to apply the enhancement if it constitutes plain error. *United States v. Scrivner*, 114 F.3d 964, 967 (9th Cir.1997); Fed.R.Crim.P. 52(b).

Rodriguez does not argue that the district court erred when it concluded that he obstructed justice, and thus, he fails to carry his burden under the plain error test articulated in *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

AFFIRMED.