**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Xiao Hua HE; Jin Sheng Chen; Hua Chang; Wen Mo Zhen,**
**Defendants–Appellants.**

Nos. 00–10164, 00–10358, 00–10378, 00–10379.

D.C. No. CR–99–120–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2001.*

Decided Dec. 27, 2001.

---

* The panel unanimously finds that *United States v. He,* 00–10164, is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM **

Xiao Hua He, Jin Sheng Chen, Hua Chang, and Wen Mo Zhen appeal their convictions and sentences for alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(i) & (B)(i). The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

### I

The appellants claim that the district court erred in striking allegations in the indictment that they acted with a financial motive. The district court did not impermissibly broaden the indictment; the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

allegations were mere surplusage because financial gain is not an element of the crime for which the appellants were charged. *See, e.g., Bargas v. Burns,* 179 F.3d 1207, 1216 n. 6 (9th Cir.1999), *cert. denied,* 529 U.S. 1073, 120 S.Ct. 1686, 146 L.Ed.2d 493 (2000). Further, the appellants were not prejudiced by the district court's action. *E.g., United States v. Aguilar,* 756 F.2d 1418, 1423 (9th Cir. 1985). The court struck the indictment pretrial. While the appellants claim that they were unfairly surprised by the district court's action, they could have sought a continuance, but did not.

## II

■ Chen and Zhen appeal the district court's refusal to apply U.S.S.G. § 2L1.1, which allows for a three-level reduction if the smuggling was committed "other than for profit." The district court did not commit clear error in concluding that Chen and Zhen acted for profit. Several witnesses testified that Chen and Zhen worked as crew members on the boat, with Chen on board the boat before any of the passengers arrived. The district court could properly infer that Chen and Zhen did not offer their services gratuitously, but rather were compensated for their labor. Indeed, Zhen himself testified that he received a discount, in the form of additional time to make his payment for the voyage. Accordingly, the district court did not err in refusing to apply the sentence reduction.

## III

■ Chang challenges the district court's refusal to allow him to testify about his motivation for traveling to Guam. The district court properly determined that Chang's motivation is irrelevant. Under § 1324(a)(1)(A)(i) & (B)(i), the government need only show that Chang knowingly brought an alien into the United States. Chang's motivation for working as a crew member is irrelevant to this inquiry. In any event, any error was harmless. Several witnesses testified that Chang worked as an "enforcer," one who maintained order among the passengers.

■ Chang also claims that the government impermissibly cross-examined him beyond the scope of direct. On cross, the district court allowed the government to ask Chang about his role as a crew member. The government's inquiry was "reasonably related to the subject matter" of his direct testimony. *McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971). On direct, Chang testified that he paid full fare for the trip. A reasonable inference from this testimony is that Chang was simply a passenger who was not involved with the management of the voyage. Therefore, the government was allowed to ask Chang about his role on the ship.

## IV

■ He claims that the district court erred in declining to grant a reduction for acceptance of responsibility and in applying an increase for obstruction of justice. The court properly based these decisions on the fact that He perjured himself at trial. *See, e.g., United States v. Morgan,* 238 F.3d 1180, 1187 (9th Cir.2001). He's account was materially different from that of passenger witnesses' testimony and his pretrial statement to the INS. For example, He testified that he unwillingly joined the voyage, contrary to his pretrial statement. He's account of his beating of a passenger was self-serving relative to the testimony of several witnesses. Further, the district court could properly conclude that He's misstatements were willful; He may have wished to paint a sympathetic

picture with the hope of receiving a sentence at the lower-end of the guidelines range.

## V

He also appeals the district court's refusal to continue his sentencing hearing for additional time to review the perjury issue. He's claim fails because he cannot show prejudice resulting from the denial of his continuance motion. *E.g., United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000), *cert. denied,* 531 U.S. 1200, 121 S.Ct. 1208, 149 L.Ed.2d 122 (2001). On appeal, He has not identified any new arguments or issues he would have made had he more time to prepare. Accordingly, his claim is without merit.

AFFIRMED.

BERZON, Circuit Judge, Concurring in part and dissenting in part.

I concur in the majority's decision with respect to He, Chen, and Chang. I disagree, however, with the majority's conclusion that the district court did not err by refusing to grant Zhen the three-level reduction for smuggling committed "other than for profit." U.S.S.G. § 2L1.1. I do not believe that allowing Zhen to pay his full fare two months late amounted to a "payment" or a "discount." The delay would be more appropriately classified as relief from the physical coercion imposed on other passengers; there was evidence that the smugglers physically attacked and threatened to physically injure passengers who did not pay on time. I would therefore reverse the district court's refusal to grant Zhen the sentence reduction and remand for resentencing.