**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Danita Hope TORRES, aka Danita
Hope Akao, Defendant—
Appellant.**

No. 02–10017.

D.C. No. CR–99–00483–DAE–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2003.

Decided June 17, 2003.

Before GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Danita Hope Torres appeals from her conviction and sentence for various offenses associated with an illegal gambling

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

operation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts, and we will not recite them here.

■ We conclude that the court properly instructed the jury.[1] Regarding Count 1, this court has "repeatedly held that language that describes elements beyond what is required under statute is surplusage and need not be proved at trial."[2] The charge of knowledge and willfulness in Count 1 was just such surplusage; 18 U.S.C. § 1955 describes a general intent crime.[3] The jury may infer general intent "from the commission of the act" charged.[4] Accordingly, the district court correctly instructed the jury when it declined to include the requirement of knowledge or willfulness in the instructions regarding Count 1.

The court had no obligation to instruct the jury regarding Torres' claimed defense of duress, or involuntariness, as to Count 1 and Count 3 because it concluded that she presented evidence regarding her defense only as to some of the money laundering counts. Torres does not challenge this conclusion on appeal. As to the specific counts to which Torres' duress defense applied, the court offered an appropriate duress instruction.[5]

■ The court also did not err when it instructed the jury regarding Count 1 using the disjunctive term "or" instead of the conjunctive term "and." The statute uses the disjunctive,[6] and the statute's use—not the indictment's—governs a court's jury instructions.[7]

As to Count 3 and the money laundering counts, the court did not err when it declined to use the term "voluntarily" as part of the definition of the term "knowingly." Neither the term "voluntarily," nor its meaning, is part of the approved definition of "knowingly."[8] Moreover, the instruction was clear without adding that term.

■ With respect to the money laundering counts, the court did not err when it referred to the indictment for the factual bases of the forty-seven money laundering counts. In contrast to the cases Torres cites,[9] the jury had all the requisite materials as well as clear instructions in this case. The jury had a copy of the indict-

---

1. We review the district court's jury instructions as a whole to determine if they are misleading or inadequate to guide the jury's deliberation. *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). The district court's formulation of instructions receives review for abuse of discretion. *United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir. 2002). Whether a jury instruction misstates an element of a crime, however, is a question we review de novo. *Id.*

2. *Bargas v. Burns,* 179 F.3d 1207, 1216 n. 6 (9th Cir.1999) (*citing United States v. Kartman,* 417 F.2d 893, 894 (9th Cir.1969)).

3. 18 U.S.C. § 1955; *see United States v. Mendelsohn,* 896 F.2d 1183, 1188 (9th Cir.1990) (discussing a related section).

4. *United States v. Hearst,* 563 F.2d 1331, 1337 (9th Cir.1977).

5. *United States v. Keiser,* 57 F.3d 847, 851 (9th Cir.1995).

6. 18 U.S.C. § 1955(a) ("Whoever conducts, finances, manages, supervises, directs, *or* owns all or part of an illegal gambling business ....") (emphasis added).

7. *United States v. Arias,* 253 F.3d 453, 457–58 (9th Cir.2001) ("When, as here, the statute speaks disjunctively, the conjunctive is not required even if the offense is charged conjunctively in the indictment.").

8. *See* Ninth Circuit Model Criminal Jury Instruction 5.6; *United States v. Gravenmeir,* 121 F.3d 526, 529–30 (9th Cir.1997).

9. *See, e.g., United States v. Powell,* 955 F.2d 1206, 1213 (9th Cir.1991).

ment, and the court properly instructed the jury that each count charged a "separate crime or offense" and that it must consider each count separately. The instructions as a whole were not misleading or inadequate.

We face a closer question with respect to the sentencing issue Torres raises. Ideally, the district court would have addressed "each element of the alleged perjury in a separate and clear finding"[10] before granting the upward adjustment for obstruction of justice. In particular, it would have found willfulness explicitly.[11] However, we conclude that the district court's statements regarding the "incredibly unbelievable" nature of Torres' statements, and the "clear, plain, and quite blatant" nature of her obstruction of justice necessarily encompass the finding.[12] Thus, we affirm.

AFFIRMED.

---

10. *United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir.2002) (*quoting United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)) (internal quotation marks omitted).

11. The assertions in question, including Torres' testimony regarding a receipt, were clearly material to Torres' defense. *Id.* Torres claimed that she had not become involved in the gambling operation until several years after her marriage, when her abusive husband

had her firmly within his control. Her testimony regarding receipts made in 1988 undermined this defense.

