**Jose SABINO CHAVEZ, Petitioner— Appellant,**

v.

**C.A. TERHUNE, Director, Respondent— Appellee.**

No. 03–55503.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Nov. 16, 2004.

Jose Sabino Chavez, Soledad, CA, pro se.

Terri A. Law, Esq., Sherman Oaks, CA, April S. Rylaarsdam, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

On October 7, 1997, Jose Chavez was convicted by a jury of first-degree murder in violation of California Penal Code § 187(a) and attempted second-degree robbery in violation of §§ 644 and 211. The jury also found that Chavez had committed the murder during the attempted second-degree robbery, and that he used a firearm during the robbery and murder. He was sentenced to life imprisonment without the possibility of parole. Chavez appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, which alleged that his rights under *Batson v. Ken-*

tucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) were violated. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we reverse.

During jury selection, Chavez's counsel made a motion under *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (Cal.1978), challenging three of the prosecutor's strikes and alleging racial bias. Citing *People v. McPeters*, 2 Cal.4th 1148, 1174, 9 Cal.Rptr.2d 834, 832 P.2d 146 (Cal. 1992), the California Court of Appeal rejected his claim, holding that "[b]ecause Chavez did not raise a *Batson* claim below, he has waived this claim on appeal." The district court dismissed Chavez's habeas petition, concluding that the state procedural bar was sufficiently independent and adequate.

Because the district court did not have the benefit of our decision in *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), we reverse and remand so that it may reconsider its adequacy determination and apply the burden-shifting rule we outlined in that case. In *Bennett*, we held:

> To be deemed adequate, the state law ground for decision must be well-established and consistently applied.... State rules that are too inconsistently or arbitrarily applied to bar federal review generally fall into two categories: (1) rules that have been selectively applied to bar the claims of certain litigants ... and (2) rules that are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claim is unfair.

*Id.* at 583 (internal citations omitted).

In this case, the parties do not dispute the independence of California's contemporaneous objection rule. The question is whether the contemporaneous objection

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rule is adequate in this context; whether it has been consistently applied to bar *Batson* claims raised for the first time on appeal where a *Wheeler* objection was asserted in the trial court. In other words, the district court must examine whether at the time the California Court of Appeal rejected Chavez's *Batson* claim on the ground the *Wheeler* trial objection did not encompass such a claim, the contemporaneous objection rule was consistently applied at all and in the specific *Batson/Wheeler* context. Although we do not "require a state court to articulate every permutation of every rule before it can invoke procedural default," the *Batson/Wheeler* rule must have been "sufficiently clear as to put a petitioner on notice...." *Bargas v. Burns,* 179 F.3d 1207, 1212–13 (9th Cir.1999).

This question should be examined in light of the burden-shifting rule we recently outlined in *Bennett:*

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 586.

"[T]he ultimate burden of proving the adequacy of the California state bar is upon the State of California." *Id.* at 585–86. We therefore REVERSE and REMAND.