**James W. NEWTON, Jr., Petitioner—Appellant,**

v.

**Jackie CRAWFORD, Respondent—Appellee.**

No. 05–15804.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2006.*

Decided Feb. 23, 2006.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Newton appeals from the district court's order denying habeas relief. Newton pled guilty to first degree murder in 1986 and now seeks to set aside that plea as having failed to meet the requirements of due process. The district court granted a certificate of appealability on two issues. We affirm.

■ Newton first challenges the failure of the state trial court to "canvass [him] regarding the elements of the offense." Instead, the state court apparently relied upon Newton's counsel's providing Newton with notice of the elements of the offense. Newton does not argue that he failed to receive notice of the offense elements. The Supreme Court has held that a representation by counsel is sufficient and thus a separate inquiry by the trial court was not constitutionally required. *See Henderson v. Morgan*, 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir.1999).

■ Newton next argues that his guilty plea was involuntary because he was not aware that he would not be eligible for probation after pleading guilty to first degree murder. The Nevada Supreme Court made a factual finding that "[a] totality of the circumstances demonstrates

that appellant was aware he would be serving an actual jail term" and therefore he was aware probation was not an option. This factual finding is presumed to be correct and Newton must demonstrate that it was an "unreasonable determination of the facts" in order to obtain habeas relief. *See Taylor v. Maddox*, 366 F.3d 992, 999–1000 (9th Cir.2004).

The Nevada Supreme Court's finding is reasonable for several reasons. First, the state court's discussion of possible sentences included only life with the possibility of parole and life without the possibility of parole. Second, Newton affirmatively indicated that he understood potential penalties and never raised any objection when the possible life sentences were discussed. He stated this understanding shortly after the prosecution stated that "the remaining potential sentences that the defendant may receive upon his guilty plea to first degree murder would be by statute life without the possibility of parole or life with the possibility of parole. . . ." Third, Newton pled guilty to avoid the death penalty. It is implausible that he believed the possible penalties for the first degree murder included both death and no prison time whatsoever. Last, probation was never mentioned at any point during the plea colloquy. Under these circumstances, the Nevada Supreme Court's factual finding is not unreasonable.

Here, the state court determinations were not "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d), and we therefore AFFIRM.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.