**Curtis L. DOWNING, Petitioner—Appellant,**

v.

**Frankie Sue DEL PAPA, Respondent—Appellee.**

No. 04–16212.

D.C. No. CV–N–00–679–DWH (VPC).

United States Court of Appeals,
Ninth Circuit.

---

Submitted Feb. 15, 2005.*

Decided Feb. 17, 2005.

Paul G. Turner, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Curtis L. Downing appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's denial of a petition for habeas corpus brought by a state prisoner. *Jackson v. Giurbino*, 364 F.3d 1002, 1005 (9th Cir. 2004).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Downing first argues that he had "an irreconcilable conflict" with his counsel. He alleges that his counsel did not adequately prepare him for trial and did not conduct a sufficiently thorough investigation in this case. He complained to both the trial judge and the State Bar. The trial court held a hearing to address Downing's concerns and found that the lawyers' investigation was not deficient. Even now, although Downing continues to allege that counsel had an irreconcilable conflict, he fails to point to any mistakes made by his lawyers at trial. The record does not support a finding that counsels' performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Nevada Supreme Court ruled that a number of Downing's claims were procedurally defaulted by operation of NRS 34.810(2). Federal habeas relief is not available if the decision of the state court rested on an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 730–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We have held that NRS 34.810(2), which bars claims that could have been raised in a prior petition, *is* an independent and adequate state ground. *See Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir.1999) ("Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073, 120 S.Ct. 1686, 146 L.Ed.2d 493 (2000).

Downing argues that the Nevada courts' application of NRS 34.810(2) in this instance conflicted with other Nevada statutory law, namely NRS 34.750(4). This section allows 15 days to reply to a motion to dismiss a petition for habeas corpus. Downing argues that his right to file a reply to the state's filing was violated and

therefore that the state court's reliance on NRS 34.810(2) is not adequate. However, by its express terms, section 34.750(4) applies only to a motion to dismiss. In this case, the state did not move to dismiss Downing's first habeas corpus petition, but merely filed a response to the petition. A response does not trigger a right to reply.

Finally, Downing argues that his rights under the Fourth Amendment were violated because officers forcibly took a blood sample without a search warrant, and the results were received in evidence at trial. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that a state prisoner may not be granted federal habeas corpus relief on the ground that evidence was obtained by an unconstitutional search or seizure if the State provided an opportunity for full and fair litigation of the Fourth Amendment claim. *Id.* at 494, 96 S.Ct. 3037.

Downing was provided with such an opportunity and did in fact litigate the Fourth Amendment claim on direct appeal and in his state habeas corpus petition. Therefore, under *Stone*, federal habeas relief is unavailable.

AFFIRMED.