Curtis L. DOWNING, Petitioner—Appellant,

v.

Frankie Sue DEL PAPA; John Ignacio, Respondents—Appellees.

No. 04–16841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2005.

Decided Aug. 16, 2005.

John C. Lambrose, Esq., FPDNV–Federal Public Defender'S Office, Las Vegas, NV, for Petitioner–Appellant.

Kevin Briggs, Nevada Attorney General's Office, Ely, NV, for Respondents–Appellees.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

The district court was not required to consider dismissing Downing's unexhausted claims and staying the petition to permit him to return to state court. The district court had discretion to use a "stay and abeyance" procedure, but was neither required to provide such a procedure, nor prohibited from permitting it within reasonable limitations.[1]

The district court did not err in concluding that Downing's second claim (that the state court's refusal to appoint a DNA expert violated his rights) was procedurally barred because the Nevada Supreme Court concluded that Downing had waived it in the trial court. The Nevada Supreme Court applied a "raise it or waive it" rule on issues not raised below.[2] Here it is less than clear that a motion for a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Rhines v. Weber,* —— U.S. ——, ———— ——, 125 S.Ct. 1528, 1534–36, 161 L.Ed.2d 440 (2005).

2. *Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 623 P.2d 981, 983–84 (1981).

DNA expert was sought. That the Nevada Supreme Court has reserved the power to reach constitutional questions waived below[3] is not inconsistent with that court's regular application of its waiver rule, which is routine appellate procedure law in most jurisdictions. Downing has not shown that the procedural bar has been applied inconsistently,[4] or that he suffered actual prejudice from the decision of the trial court not to provide funds for a DNA expert.[5] Downing has also not presented any evidence or argument that effective assistance of counsel would have secured the services of a DNA expert, or that the testimony of such an expert would have had any impact on the verdict.

Downing has not met his burden for expanding the Certificate of Appealability.[6] A number of the uncertified issues Downing presents in his brief are variations of issues he has already presented and had adjudicated by this court in a separate appeal,[7] and Downing fails to argue how the Nevada Supreme Court's judgment resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[8]

AFFIRMED.

---

3. *See Barrett v. Baird,* 111 Nev. 1496, 908 P.2d 689, 693 (1995).

4. *See Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003).

5. *See Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

6. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

7. *See Downing v. Del Papa,* 125 Fed. Appx. 778, 780 (9th Cir.2005) (unpublished).

